**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| ROBERT BECKER, | Case No. 10-12017 |
| Plaintiff, | SENIOR UNITED STATES DISTRICT JUDGE ARTHUR J. TARNOW |
| v. | MAGISTRATE JUDGE PAUL KOMIVES |
| MICHAEL W. CURLEY, | |
| Defendant. | |
| _____/ | |

**ORDER ADOPTING REPORT AND RECOMMENDATION [16]**

**I. Introduction**

Pro se Petitioner Robert Becker filed a Petition for the writ of habeas corpus [1] on May 19, 2010. Before the Court is Magistrate Judge Komives' Report and Recommendation [16] entered on May 22, 2012. The Report and Recommendation [16] recommends that this Court deny Petitioner's application for the writ of habeas corpus and deny Petitioner a certificate of appealability. Petitioner filed Objections [17] to the Report and Recommendation [16] on June 8, 2012.

For the reasons stated below, the Court ADOPTS the Report and Recommendation [16] as the findings and conclusions of the Court. Accordingly, Petitioner's application for the writ of habeas corpus and certificate of appealability are DENIED.

**II. Background**

Petitioner was convicted of first degree criminal sexual conduct on June 27, 2007, following jury trial in Montmorency County Circuit Court. Petitioner was sentenced to a term of

nine to twenty years imprisonment on August 2, 2007. In a 2005 trial in Grand Traverse County, Petitioner was charged with seven counts of criminal sexual conduct, including the charged offense in the Montmorency County case. On September 27, 2005, Grand Traverse County Circuit Court Judge Philip Rodgers Jr. issued an opinion and order dismissing all of the charges.

Petitioner filed a delayed application for leave to appeal the Montmorency conviction in the Michigan Court of Appeals raising three claims. Petitioner's first claim stated that the Montmorency trial was barred under the doctrine of collateral estoppel because there was a valid final judgment on the issue in a different cause of action between the same or like parties in Grand Traverse County. Second, Petitioner claimed that he was denied due process by the introduction of the testimony of two witnesses who gave "highly inflammatory" testimonies. Third, Petitioner claimed that his conviction must be reversed because an assistant prosecutor from another county tried this case, her assistance was procured contrary to the requirements of MCL 776.18, and she was interested as an attorney in another case involving the same parties, facts, and circumstances.

The Michigan Court of Appeals denied Petitioner's application for leave to appeal. *People v. Becker*, No. 285858 (Mich. Ct. App. Oct. 30, 2008). Petitioner then sought leave to appeal to the Michigan Supreme Court. The Supreme Court also denied Petitioner's application for leave to appeal. *People v. Becker*, 483 Mich. 962, 763 N.W.2d 916 (2009). On May 19, 2010, Petitioner then filed the application for a writ of habeas corpus, now before this Court, raising the same three claims raised before the state court.

The Report and Recommendation [16] now before this Court recommends that the Court deny Petitioner's application for the writ of habeas for three reasons. In response to Petitioner's

first claim, the Report and Recommendation [16] notes that when an issue of ultimate fact has been determined by a valid and final judgment, the issue cannot be litigated again. *Harris v. Washington*, 404 U.S. 55, 56 (1971) (quoting *Ashe v. Swenson*, 397 U.S. 436, 443 (1970)). However, since the Grand Traverse County court did not determine any issues of ultimate fact that the prosecution was required to prove in the Montmorency case, the collateral estoppel aspect of the Double Jeopardy Clause did not bar either the Montmorency County charges nor the use of the victim's testimony from the Grand Traverse County trial in the Montmorency County prosecution.

Addressing the Petitioner's second claim, the Report and Recommendation [16] states that there is no precedent establishing that a state violates due process by permitting evidence in the form of other bad acts evidence. *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003).

Finally, in response to Petitioner's third claim, the Report and Recommendation [16] notes that the issue of whether the assistant prosecutor was properly appointed is a question of state law, and habeas corpus is not available to remedy a state court's error in the application of state law. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

### III. Analysis

Petitioner filed four Objections [17] to the Report and Recommendation [16]. Petitioner first objects to the footnote on page two of the Report, arguing that the footnote contained serious and inflammatory factual errors. This footnote states that after the jury's verdict was read in the Montmorency County Circuit court, the petitioner "fled the courtroom to his car, retrieved a shotgun, and fired at a sheriff's deputy who pursued him." The Michigan Court of Appeals affirmed Petitioner's convictions following the incident. *People v. Becker*, No. 283573, 2009

WL 5194986 (Mich. Ct. App. Dec. 15, 2009). This footnote is used to clarify that Petitioner's instant application does not challenge these convictions, and is not relevant to the reasoning for the recommendation to deny Petitioner's application for the writ of habeas corpus and certificate of appealability.

    Second, in reference to the collateral estoppel claim, Petitioner argues that the victim's testimony was not credible and that the validity of all of the sexual misconduct charges against him was previously determined by the Grand Traverse County court's dismissal. Therefore, Petitioner argues that he could not be tried on the count that he was convicted of in the Montmorency trial. Collateral estoppel prevents an issue from being litigated again between the same parties when an issue of ultimate fact has once been determined by a valid and final judgment. *Harris v. Washington*, 404 U.S. at 56 (quoting *Ashe*, 397 U.S. at 443). The Report and Recommendation [16] first notes that the Grand Traverse County court did not explicitly find that the victim's testimony at trial lacked credibility. The Report and Recommendation [16] also notes that the credibility of a witness is not an "ultimate fact" to which collateral estoppel applies. While the Grand Traverse County judge found that the victim was not credible with respect to the date that the alleged Grand Traverse county offenses occurred, the credibility finding does not imply a finding that victim's testimony was not credible with respect to the date of the Montmorency County offense, or a finding that none of the sexual assaults occurred. The "ultimate fact" that Petitioner sought to preclude - whether he had committed a sexual assault in Montmorency County in 2004 - was not previously determined in the Grand Traverse County proceedings. Thus, collateral estoppel does not apply in the instant case.

Third, regarding the other acts evidence, Petitioner argues that he was denied a fair trial because of the introduction of the testimony of two witnesses, Andrew Pawloski and Raymond Leavitt. Both witnesses testified that Petitioner had sexually assaulted them. Petitioner notes that at the time of the Montmorency trial, both Andrew Pawloski and Raymond Leavitt's allegations of sexual assault were over a decade old. Petitioner claims that the remoteness of prior convictions is relevant in determining whether to admit prior convictions, and that the admission of remote convictions constituted an abuse of discretion in this case. The Sixth Circuit has noted, "[e]rrors by a state court in the admission of evidence are not cognizable in habeas proceedings unless they so perniciously affect the prosecution of a criminal case as to deny the defendant the fundamental right to a fair trial." *Kelly v. Withrow*, 25 F.3d 363, 370 (6th Cir. 1994). Both the Supreme Court and Sixth Circuit have held that the admission of prior bad acts evidence which is relevant in the defendant's trial does not violate due process. *Dowling v. United States*, 493 U.S. 342, 353-54 (1990); *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003); *Coleman v. Mitchell*, 268 F.3d 417, 439-40 (6th Cir. 2001). Petitioner is not entitled to habeas relief where "[t]here is no clearly established Supreme Court precedent which holds that a state violates due process by permitting propensity evidence in the form of other bad acts evidence." *Bugh*, 329 F.3d at 512.

Finally, Petitioner argues his trial was fundamentally unfair because the Montmorency County Prosecutor's appointment of an assistant Grand Traverse County Prosecutor to act as a special prosecutor to try his case was invalid under state law. The Report and Recommendation [16] notes that, "[a]t the outset, it is not clear that there was any violation of state law." Petitioner objects, claiming that this conclusion is "simply untenable." Whether the assistant prosecutor

5

was properly appointed to serve as an assistant in the Montmorency County prosecution is a question of state law, which is not cognizable on habeas review. Habeas corpus is not available to remedy a state court's error in the application of state law. *See Estelle v. McGuire*, 502 U.S. at 67-68 ("Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").

## IV. Conclusion

Based on the foregoing discussion, the Court ADOPTS the Report and Recommendation [16]. Petitioner's application for the writ of habeas corpus and certificate of appealability are DENIED.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Objections [17] are **OVERRULED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation [16] of the Magistrate Judge is hereby **ADOPTED**.

**IT IS FURTHER ORDERED** that Petitioner's application for the writ of habeas corpus and certificate of appealability are **DENIED**.

**SO ORDERED.**

S/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: July 29, 2013

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on July 29, 2013, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Assistant