UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Robert Becker,

  Plaintiff,

v.

Michael W. Curley,

  Defendant.
_____/

Case No.  10-12017

Senior United States District
Judge Arthur J. Tarnow

Magistrate Judge Paul Komives

ORDER DENYING PETITIONER'S MOTION FOR
CERTIFICATE OF APPEALABILITY [22] AND GRANTING
MOTION FOR RELIEF FROM JUDGMENT [25]

### I. Introduction

Before the Court is Pro Se Petitioner Robert Becker's Motion for Certificate of Appealability [22] and Motion for Relief from Judgment [25].

Petitioner filed a Petition for the Writ of Habeas Corpus [1] on May 19, 2010. On July 29, 2013, the Court entered an Order [18] adopting the Magistrate Judge's Report and Recommendation [16] and denying Petitioner's application for Writ of Habeas Corpus [1]. The Order [18] also denied Petitioner's request for Certificate of Appealability. Petitioner filed a Notice of Appeal [20] and a Motion

for Certificate of Appealability [22] on September 3, 2013. Petitioner filed a Motion for Relief from Judgment [25] on December 16, 2013.

In Petitioner's renewed motion for Certificate of Appealability [22], now before the Court, Petitioner raises three Objections that have already been addressed and denied by the Court's Order [18] adopting the Report and Recommendation [16].

For the reasons stated below, Petitioner's Motion for Certificate of Appealability [22] is DENIED, and Motion for Relief from Judgment [25] is GRANTED in so far as it requests In Forma Pauperis status for the purpose of appeal.

## II.     Analysis

Petitioner's Motion [22] raises three Objections to the Order [18] adopting the Report and Recommendation [16]. The Court will address each objection in turn.

### A.     *Collateral Estoppel*

Petitioner first disputes the conclusion that the finding of the Grand Traverse County Court did not collaterally estop the Montmorency County trial. Petitioner argues that the Grand Traverse Court's dismissal of the claim stands as a determination of the credibility of the victim's testimony. Petitioner argues that this dismissal stands as a final judgment on the ultimate fact of all charges faced by

Petitioner, obviating the need for the Montmorency trial. Petitioner claims that the victim's credibility with respect to the Grand Traverse County offense was determinative of the Montmorency County proceedings, as no other evidence was provided to substantiate the victim's allegations in those proceedings. Petitioner uses the dismissal of the prosecutor's appeal of the Grand Traverse County finding as the basis for asserting that he had already been tried on the count that he was later convicted of in the Montmorency trial.

Again, the Court has previously addressed this Objection in the Order [18] adopting the Report and Recommendation [16], and rejected Petitioner's claim. Petitioner's contention that collateral estoppel bars litigation of the sexual assault in Montmorency County is untenable, as the credibility finding was not binding in the second trial. Collateral estoppel prevents the re-litigation of issues between the same parties when a determination of ultimate fact has been reached by a valid and final judgment. *Harris v. Washington*, 404 U.S. 55, 56 (1971). The court did not actually litigate whether the sexual acts charged in Grand Traverse County had occurred. Therefore, no final determination of ultimate fact was made in the case. The matter of the victim's credibility is not an ultimate fact to which collateral estoppel applies, and it does not preclude inquiry into whether the Petitioner had committed a sexual assault in Montmorency County.

### B. *Similar Acts Testimony*

Petitioner next argues that the Report and Recommendation [16] misinterpreted his objection to the similar acts testimony. Petitioner objects to the admission of similar acts testimony by the victim whose credibility was questioned. Petitioner asserts that his claim was incorrectly characterized as "an argument against the admission of his remote convictions," as he "had no prior convictions." Petitioner asserts that this Court must reconsider the Montmorency County Court's broad admissibility of similar acts testimony, arguing that the admission of prior bad acts evidence is in violation of due process.

This Objection has appeared before the Court previously, and was rejected by the Order [18] adopting the Report and Recommendation [16]. As the Report and Recommendation [16] states, there is no precedent establishing that a state violates due process by permitting admission of other bad acts evidence. *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003). That the introduced testimony is merely unfavorable to Petitioner does not constitute a violation of due process rights.

### C. *Appointment of Special Prosecutor*

Petitioner also contends that the Montmorency County Prosecutor's appointment of an assistant Grand Traverse County Prosecutor was a flagrant

4

violation of state law warranting the grant of habeas corpus. Petitioner asserts that the Montmorency trial was structurally defective and fundamentally unfair.

This Objection was addressed by the Court in the Order [18] adopting the Report and Recommendation [16] and has been rejected. Habeas corpus is not available to remedy a state court's error in the application of state law. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("Today, we reemphasize that it is not the province of federal habeas court to reexamine state-court determinations on state-law questions."). Therefore, this Court will not consider whether there was any violation of state law in the appointment of a special prosecutor on habeas review.

Because Petitioner's Motion for Certificate of Appealability has previously been denied by the Order [18] adopting the Report and Recommendation [16], and because Petitioner raises no new issues in his renewed Motion for Certificate of Appealability [22], the Motion [22] is DENIED.

### D. *Motion for Relief from Judgment [25]*

On December 16, 2013, Petitioner filed a Motion for Relief from Judgment [25], requesting In Forma Pauperis status for appeal.

Petitioner's Notice of Appeal [22], filed on September 3, 2013, listed proof of service of an application to proceed on appeal without prepayment of costs. While no such document was attached, Petitioner did include a financial affidavit

and trust account statement. Since Petitioner's financial information was not filed separately from the Notice of Appeal, the document was not entered into the Court's docket entry data base. On September 9, 2013, the Sixth Circuit Court informed Petitioner by Order that his case would be dismissed unless he obtained in forma pauperis status or paid the appellate filing fee by October 9, 2013. Believing Petitioner failed to act on its advisement, the Sixth Circuit dismissed Petitioner's cause for want of prosecution on October 22, 2013.

A prisoner requesting leave to proceed In Forma Pauperis must provide a detailed financial affidavit, along with a trust fund account statement for the six month period immediately preceding the filing of the notice of appeal. 28 U.S.C.S. § 1915(a). Pro se Petitioner's financial affidavit and trust account statement are interpreted as an application for In Forma Pauperis status. Petitioner's Motion for Relief from Judgment [25] is GRANTED in so far as it requests In Forma Pauperis status for the purpose of appeal.

### III. Conclusion

Based on the above reasoning, Petitioner's Motion for Certificate of Appealability [22] is DENIED, and Motion for Relief from Judgment [25] is GRANTED.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion for Certificate of Appealability [22] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Relief from Judgment [25] is **GRANTED**.

**SO ORDERED.**

s/Arthur J. Tarnow
ARTHUR J. TARNOW
SENIOR UNITED STATES DISTRICT JUDGE

Dated: June 17, 2014

_____

**CERTIFICATE OF SERVICE**

I hereby certify on June 17, 2014 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on June 17, 2014: **Robert Becker.**

s/Michael E. Lang
Case Manager to
District Judge Arthur J. Tarnow
(313) 234-5182